**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MELISSA ANSPACH, KURT A. | : | |
| ANSPACH, KAREN E. ANSPACH, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| | : | No. 05-810 |
| CITY OF PHILADELPHIA, | : | |
| DEPARTMENT OF PUBLIC | : | |
| HEALTH, et al, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                                                                  **June 20, 2005**

Via the motion now pending before this Court, Defendant Jitendra N. Shah, M.D. moves to dismiss Counts VII, VIII, IX and X of the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons outlined below, the motion shall be DENIED in part and GRANTED in part.

**Factual Background**

Plaintiff Melissa Anspach brings suit against Defendant Jitendra Shah, M.D. for negligent supervision of the Pediatric Ward of Philadelphia Health Care Center No. 10 (hereinafter, "the Center")(Count VII), negligent infliction of emotional distress (Count VIII), and intentional infliction of emotional distress (Count IX). Plaintiff's parents, Kurt and Karen Anspach, also

bring suit against Defendant Shah for intentional infliction of emotional distress (Count X).

On January 26, 2004, Plaintiff, then 16 years old, visited the Center to request a pregnancy test. After that request was denied, Plaintiff requested the "morning after pill."  Upon her request for the medication, Plaintiff spoke with a social worker and saw a nurse, who provided a quantity of pills.  While it is undisputed that Plaintiff received the pills without consulting Defendant Shah, Plaintiff avers that Defendant Shah was the person in charge of the Center's pediatric ward.

After taking her second dosage of pills as advised by the social worker and nurse, Plaintiff experienced an allergic reaction, which caused vomiting, severe stomach pain and sub-conjunctive hemorrhaging. Plaintiff asserts that her reaction required emergency medical care and that she suffered emotional distress in the form of anxiety and fear of death.

### Legal Standard for Motion to Dismiss

In considering a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider only those facts alleged in the complaint and accept all of the allegations as true. <u>ALA, Inc. v. CCAIR, Inc.</u>, 29 F.3d 855, 859 (3rd Cir. 1994).  A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief could be granted.  <u>Morse v.</u>

2

Lower Merion Sch. Dist., 132 F.3d 902, 906 (3rd Cir. 1997).

## Discussion

**Certificate of Merit Requirement**

Defendant first argues that Count VII of the Plaintiff's complaint must be dismissed for failure to file a certificate of merit. Under Pennsylvania law, "any action based upon an allegation that a licensed professional deviated from an acceptable professional standard" requires a certificate of merit to be filed with the complaint or within sixty days thereafter. Pa. R. Civ. P. 1042.3. For the purposes of this Motion to Dismiss, Rule 1042.3 may be applied as controlling state substantive law. Scaramuzza v. Sciola, 345 F. Supp. 2d 508, 510 (E.D.Pa 2004).

Pennsylvania courts have not yet decided whether Rule 1042.3 requires a certificate of merit to be filed in cases alleging negligent supervision of a medical ward. However, in New Jersey, a similar affidavit of merit has been held to apply to all malpractice actions except for "common knowledge cases when an expert will not be called to testify that the care, skill or knowledge of the defendant fell outside acceptable professional or occupational standards or treatment practices." Hubbard v. Reed, 774 A.2d 495, 497 (N.J. 2001). Similarly, New York courts have determined that an affidavit of merit is needed in medical

malpractice actions "except as to matters within the ordinary experience and knowledge of laypersons." <u>Mosberg v. Elahi</u>, 605 N.E.2d 353, 354 (N.Y. 1992) (citing <u>Fiore v Galang</u>, 478 N.E.2d 188, 189 (N.Y. App. Div. 1985)).  Additionally, both New Jersey and New York courts have concluded that an affidavit is required in cases involving medical judgment. <u>See</u> <u>Darwin v. Gooberman</u>, 772 A.2d 399, 408 (N.J. Super. 2001); <u>Caracci v. State</u>, 577 N.Y.S.2d 925, 926 (N.Y. App. Div. 1991).  Because Plaintiff contends that Defendant negligently supervised the administration of birth control pills at a health clinic, and supervision involves medical judgment beyond the knowledge of laypersons, a certificate of merit is required.

Attached to Plaintiff's Memorandum in Opposition to the Motion to Dismiss (Document No. 16) is a certificate of merit.[1] Although Plaintiff failed to file the certificate within the sixty-day period required under Rule 1042.3, Count VII will not be dismissed now that the certification has been filed. Dismissal is not warranted because Plaintiff could re-file within the two year statute of limitations provided by 42 Pa.C.S. § 5524. <u>See</u> <u>Scaramuzza</u>, 345 F.Supp. 2d. at 511 n.6 (citing <u>Moore v. Luchsinger</u>, 862 A.2d 631 (Pa. Super. Ct. 2004)) (noting ability

---

[1] The certificate of merit erroneously referred to Count VIII, the claim for negligent infliction of emotional distress, instead of Count VII, the claim for negligent supervision. Plaintiff is granted leave to correct this error.

to re-file under statute of limitations as a reason not to dismiss).  Thus, Defendant's motion to dismiss for failure to file a certificate of merit is denied.

**Negligent Infliction of Emotional Distress**

Defendant moves to dismiss Count VIII on the grounds that negligent infliction of emotional distress is available only for bystanders.  Historically, this was the case, but Pennsylvania courts have recently held that a cause of action for negligent infliction of emotional distress may be sustained when "a plaintiff sustains bodily injuries, which are accompanied by fright or mental suffering directly traceable to the peril in which the defendant's negligence placed the plaintiff."  Long v. Yingling, 700 A.2d 508, 516 (Pa. Super Ct. 1997), appeal denied, Long v. Yingling, 725 A.2d 182 (Pa. 1998); see also Giannone v. Ayne Inst., 290 F. Supp. 2d 553, 569 (E.D. Pa. 2003). Thus, Plaintiff's allegations, when viewed in the most favorable light, may support a claim for negligent infliction of emotional distress. Defendant's motion to dismiss Count VIII is denied.

**Intentional Infliction of Emotional Distress**

Defendant moves to dismiss Counts IX and X on the grounds that Defendant's alleged acts or omissions do not rise to the level of outrage required for a claim of intentional infliction

5

of emotional distress.  Pennsylvania courts typically refer to
Restatement (Second) of Torts § 46 as establishing the "minimum
requirements" for a claim of intentional infliction of emotional
distress. See e.g. Taylor v. Albert Einstein Med. Ctr., 754 A.2d
650, 652 (Pa. 2000)(citing Kazatsky v. King David Mem'l. Park,
Inc., 527 A.2d 988 (Pa. 1987); Chuy v. Philadelphia Eagles
Football Club, 595 F.2d 1265, 1273 (3rd. Cir. 1979). Thus, an
action for intentional infliction of emotional distress requires
that (1) the conduct be extreme, (2) the conduct be intentional
and reckless, (3) the conduct cause emotional distress, and (4)
the distress be severe. Chuy, 595 F.2d at 1273. The degree of
outrageousness required is at least comparable to that required
to support an award of punitive damages. Wisiniewski v. Johns-
Manville Corp., 812 F.2d 81, 86 n.3 (3rd. Cir. 1987).

    Plaintiff's complaint, even when viewed in the most
favorable light, does not sufficiently allege that Defendant's
acts or omissions rise to the level of outrageousness required
under Pennsylvania law. See e.g. Papieves v. Lawrence, 263 A.2d
118 (1970) (mishandling of a corpse); Hackney v. Woodring, 622
A.2d 286 (1993) (sexual assault).  Moreover, while Plaintiff's
allegations that the Defendant was aware of Plaintiff's presence
at the Center may be enough to support a negligence claim, they
do not sufficiently allege that Defendant acted with the desire
and certainty necessary for intent, or with conscious disregard

of a high probability that emotional distress would result. <u>See</u>
<u>Kazatsky</u>, 527 A.2d at 1275. Thus, Defendant's motion to dismiss
Counts IX and X will be granted.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MELISSA ANSPACH, KURT A.<br>ANSPACH, KAREN E. ANSPACH, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| CITY OF PHILADELPHIA,<br>DEPARTMENT OF PUBLIC<br>HEALTH, et al, | : | No. 05-810 |
| | : | |
| Defendants. | : | |

**ORDER**

_____AND NOW, this 20th day of June, 2005, upon consideration of Defendant Jitendra N. Shah's Motion to Dismiss Plaintiff's Complaint (Document No. 8) and Plaintiffs' response thereto (Document No. 16), it is hereby ORDERED that the Motion is DENIED in part and GRANTED in part, as follows:

(1) The Motion to Dismiss Count VII for failure to file a certificate of merit is DENIED;

(2) The Motion to Dismiss Count VIII is DENIED;

(3) The Motion to Dismiss Counts IX and X is GRANTED.

It is further ordered that Plaintiff amend the certificate of merit to reflect Count VII.

BY THE COURT,

s/J. Curtis Joyner
_____
J. CURTIS JOYNER, J.